| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler (State Bar No. 009521996)<br>Edward A. Corma (State Bar No. 278262018)<br>Jeffrey P. Nolan (*pro hac vice* pending)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone:  (212) 561-7700<br>Facsimile:  (212) 561-7777<br>Email:   bsandler@pszjlaw.com<br>            ecorma@pszjlaw.com<br>            jnolan@pszjlaw.com<br><br>*Counsel to AspireIQ, Inc.* |

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,[1]<br><br>                                          Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>                                          Plaintiff,<br><br>v.<br><br>AspireIQ, Inc.,<br><br>                                          Defendant. | <br><br><br>Adv. No. 25-01461 (MBK) |

### DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

4927-4421-3391.4 05530.00001

Defendant AspireIQ, Inc., ("Defendant"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's above-captioned complaint (the "Complaint") as follows:[2]

## NATURE OF THE CASE

1. There are no substantive factual allegations for Defendant to address in paragraph 1 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

2. There are no substantive factual allegations for Defendant to address in paragraph 2 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

## JURISDICTION AND VENUE

3. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of Plaintiff's Complaint and refers all questions of law to the Court. Defendant consents to the entry of final orders and judgment by the Court.

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of Plaintiff's Complaint and refers all questions of law to the Court.

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of Plaintiff's Complaint and refers all questions of law to the Court.

6. There are no substantive factual allegations for Defendant to address in paragraph 6 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

---

[2]  A capitalized term used but not defined herein shall have the meaning ascribed to it in the Complaint.

## PROCEDURAL BACKGROUND

7. Defendant admits the allegations of Paragraph 7.

8. Defendant admits that a Plan and Confirmation Order was entered by the Bankruptcy Court in the main case, but lacks sufficient knowledge as to the remaining allegations contained in paragraph 8 of the Complaint and, thus, generally and specifically denies the allegations.

9. Defendant admits that the Plan went effective on or about August 30, 2024, but lacks sufficient knowledge as to the remaining allegations contained in paragraph 9 of the Complaint and, thus, generally and specifically denies the allegations.

10. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 10 of the Complaint, and thus, generally and specifically denies those allegations.

## THE PARTIES

11. Defendant admits that a Plan and Confirmation Order was entered by the Bankruptcy Court in the main case, but denies both generally and specifically, that Plaintiff has authority or standing to prosecute the adversary and denies both generally and specifically, that the claims brought in this avoidance action constitute "Assigned Claims" under the Confirmation Order and Plan.

12. Defendant admits it was a vendor providing business and/or services to the Debtor. Defendant denies the remainder of allegations stated in paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 13 of the Complaint, and thus, generally and specifically denies those allegations.

14. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 14 of the Complaint, and thus, generally and specifically denies those allegations.

15. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 15 of the Complaint, and thus, generally and specifically denies those allegations.

16. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 16 of the Complaint, and thus, generally and specifically denies those allegations.

17. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 17 of the Complaint, and thus, generally and specifically denies those allegations.

18. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 18 of the Complaint, and thus, generally and specifically, denies those allegations. Defendant admits only that it received the payments referenced in Exhibit A of the complaint.

19. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 19 of the Complaint, and thus, generally and specifically denies those allegations. Defendant admits only that it received the payments referenced in Exhibit A of the complaint.

20. There are no substantive factual allegations for Defendant to address in paragraph 20 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

21. There are no substantive factual allegations for Defendant to address in paragraph 21 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

22. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 22 of the Complaint, and thus, generally and specifically denies those allegations.

23. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 23 of the Complaint, and thus, generally and specifically denies those allegations.

24. There are no substantive factual allegations for Defendant to address in paragraph 24 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief

25. There are no substantive factual allegations for Defendant to address in paragraph 25 of the Complaint, but Defendant denies that Plaintiff is entitled to the referenced relief.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Avoidance Of Preference Period Transfers – 11 U.S.C. § 547)

26. Defendant repeats and realleges its assertions in the preceding paragraphs, as though fully set forth herein.

27. Defendant admits only that it received the payments referenced in Exhibit A of the Complaint and lacks sufficient knowledge as to the remaining allegations contained in paragraph 27 of the Complaint, and thus, generally and specifically denies those allegations.

28. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 28 of the Complaint, and thus, generally and specifically denies those allegations.

29. Defendant denies that Exhibit A to the Complaint contains "the Agreements" and therefore lacks sufficient knowledge as to the allegations contained in paragraph 29 of the Complaint related to "the Agreement", and thus, generally and specifically denies those allegations. Defendant admits only that it received the payments referenced in Exhibit A of the Complaint.

30. Defendant admits only that it received the payments referenced in Exhibit A of the Complaint and lacks sufficient knowledge as to the remaining allegations contained in paragraph 30 of the Complaint, and thus, generally and specifically denies those allegations.

31. Defendant admits only that it received the payments referenced in Exhibit A of the Complaint and lacks sufficient knowledge as to the remaining allegations contained in paragraph 31 of the Complaint, and thus, generally and specifically denies those allegations.

32. Defendant lacks sufficient knowledge as to the allegations contained in Paragraph 32 of the Complaint, and thus, generally and specifically denies those allegations.

33. Defendant admits only that it received the payments referenced in Exhibit A of the Complaint and lacks sufficient knowledge as to the remaining allegations contained in paragraph 33 of the Complaint, and thus, generally and specifically denies those allegations.

34. Defendant generally and specifically denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant generally and specifically denies the allegations contained in Paragraph 35 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))

36. Defendant repeats and realleges its assertions in the preceding paragraphs, as though fully set forth herein.

37. There are no substantive factual allegations for Defendant to address in paragraph 37 of the Complaint, but Defendant denies that Plaintiff is entitled to the requested relief. Defendant lacks sufficient knowledge as to the truth of the allegations contained in paragraph 37(A)-(C) of the Complaint, and thus, generally and denies the allegations

38. Defendant denies that Plaintiff is entitled to the referenced relief.

## THIRD CLAIM FOR RELIEF
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39. Defendant repeats and realleges its assertions in the preceding paragraphs, as though fully set forth herein.

40. Defendant denies that Plaintiff is entitled to the referenced relief.

41. Defendant lacks sufficient knowledge as to the allegations contained in Paragraph 41 of the Complaint, and thus, generally and specifically denies those allegations.

42. Defendant generally and specifically denies the allegations contained in Paragraph 42 of the Complaint, including that Plaintiff is entitled to the referenced relief.

### FOURTH CLAIM FOR RELIEF
### (Disallowance Of All Claims – 11 U.S.C. § 502(d) And (j))

43. Defendant repeats and realleges its assertions in the preceding paragraphs, as though fully set forth herein.

44. Defendant generally and specifically denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant generally and specifically denies the allegations contained in paragraph 45 of the Complaint, including that Plaintiff is entitled to the referenced relief.

46. Defendant generally and specifically denies the allegations contained in paragraph 46 of the Complaint, including that Plaintiff is entitled to the referenced relief.

47. Defendant generally and specifically denies the allegations contained in Paragraph 47 of the Complaint, including that Plaintiff is entitled to the referenced relief.

### FIRST AFFIRMATIVE DEFENSE

48. The Complaint, including each of the claims and counts therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

49. At all relevant times post-petition, Defendant contracted with and provided goods to the Reorganized Debtors in support of the reorganization and any and all chapter 5 avoidance claims were retained claims maintained by the Reorganized Debtors not the Plaintiff

and Plaintiff is precluded from any recovery under the Complaint by virtue of equitable doctrines, including but not limited to estoppel, laches, waiver and unjust enrichment.

### THIRD AFFIRMATIVE DEFENSE

50. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments by the Debtor to Defendant were made in the ordinary course of business, and are excepted from avoidance under Bankruptcy Code section 547(c)(2)(A) or (B).

### FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments made by the Debtor to Defendant, either directly or indirectly, were intended as a contemporaneous exchange, and are excused from avoidance under Bankruptcy Code section 547(c)(1).

### FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff is barred from any recovery sought in the Complaint on the ground that, following any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided new value to or for the benefit of the Debtor, as provided under Bankruptcy Code section 547(c)(4).

### SIXTH AFFIRMATIVE DEFENSE

53. Plaintiff is barred from any recovery sought in the Complaint on the ground that, for any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided value to or for the benefit of the Debtor, and transacted therefor in good faith, as provided in Bankruptcy Code sections 544, 548 and 550.

### SEVENTH AFFIRMATIVE DEFENSE

54. The Complaint is barred by the applicable statute of limitations.

4927-4421-3391.4 05530.00001                                8

## EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiff lacks standing, and has failed to allege particularized injury in fact traceable to the Defendant's conduct and redressable by the Court.

## NINETH AFFIRMATIVE DEFENSE

56. The Complaint, and its various causes of action against Defendant are barred, by the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications), Confirmation Order dated August 16, 2024, including plan supplements.

## RELIEF REQUESTED

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 13, 2026

    */s/ Edward A. Corma*
Bradford J. Sandler (State Bar No. 009521996)
Edward A. Corma (State Bar No.278262018)
Jeffrey P. Nolan (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
(212) 561-7700

*Attorneys for Defendant AspireIQ, Inc.*

## **CERTIFICATE OF SERVICE**

I, Kerri LaBrada, am over the age of eighteen years and employed by Pachulski Stang Ziehl & Jones LLP. I am not a party to the within action and my business address is 700 Louisiana Street, Suite 4500, Houston, TX 77002.

I certify under penalty of perjury that on February 13, 2026, I caused true and correct copies of ***Defendant's Answer To Complaint To Avoid And Recover Transfers Pursuant To 11 U.S.C. §§ 547, 548, And 550 And To Disallow Claims Pursuant To 11 U.S.C. § 502*** to be served via first class mail upon:

ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Kara E. Casteel, Esq.
Brigette McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121


Date:  February 13, 2026                    */s/ Kerri LaBrada*
                                             Kerri LaBrada